Slade *v.* Sullivan.

*W. W. Upton & J. H. Stewart,* for Appellant.

*Thos. H. Williams,* Attorney General, for Respondent.

---

· SLADE *v.* SULLIVAN *et al.*

IN this case the Supreme Court refused to interfere with the discretion of the Court below, in denying an injunction sought by a settler upon public mineral lands, to protect his improvements—a dwelling house, milk house, barn, garden, dam, etc.—against miners who were working the bed of a ravine, a short distance in front of the house.   See facts.

APPEAL from the Eleventh District.

The record consists, substantially, of the complaint, answer and findings of the Court—there being no evidence in it.

Slade *v.* Sullivan.

The complaint avers, that in 1854, one Stephens was the owner, and in possession of a tract of land near Auburn, Placer county, containing about four hundred and twenty acres, known as a milk ranch, and erected thereon a wood house, and about one hundred and fifty feet easterly from it, barns and sheds, at an expense of $3,000 ; that about two hundred feet in front of the house and barns is a wagon road, between which and the house and barns, and one hundred and fifty feet in front of them, runs a ravine, in the bed of which, and opposite to, and a few rods above the barn, are several natural springs of pure water, from which, at all seasons of the year, flow from two to four inches of water, usual ditch measurement; that before 1856, and about 1854, Stephens had fenced in a garden containing about one-quarter of an acre of land lying southerly of, and about one hundred feet from the house, and had constructed a dam sixty feet long, three feet high, costing one hundred dollars, across the ravine below the springs, and fifty feet above the garden, appropriating the waters of the springs to his own use for irrigating the garden; that Stephens had also at the same time erected in the ravine, in front of the barns and two hundred feet from the house, and one hundred feet above the dam, a milk house, costing two hundred dollars, and had so dug out said springs that their waters flowed under, above, and around the milk house ; that the barns, milk house, etc., were constructed for carrying on the milk business, in which Stephens was engaged, and the waters of the spring were used for irrigating the garden which he cultivated, and also for household purposes. The complaint then avers, that in the spring of 1859, plaintiff having acquired all the rights of Stephens by purchase, entered into possession of the premises, and has used the same ever since, for the purposes for which they were erected, and as above set forth, and occupied the house with his family as a homestead; that continuously from the time Stephens put up these improvements to the present time, the premises have been occupied and used as above by Stephens or his successors.

The complaint further avers, that in March, 1860, defendants wrongfully, etc., entered upon the enclosure around and above the

milk house, and excavated a ditch across the same, of capacity sufficient to carry thirty inches water, usual ditch measurement, and began digging up the earth twenty feet below the dam, and placed sluice boxes across the enclosure, and avowed their intention to dig away the ground where the milk house stands and where the springs take their rise, and to dig up the bed of the ravine in front of said buildings ; that defendants are now engaged in said acts, and threaten to continue so to do, and if this be permitted, plaintiff's dam, milk house, and water rights will be totally destroyed, and the earth in the bed of the ravine in front of plaintiff's buildings will be so dug up and washed away as to make a deep ditch, which will prevent plaintiff from crossing the ravine with his animals and wagons from the road to his house, barns, etc., and materially diminish the value of his said buildings, rendering it impossible to use and enjoy them as heretofore, to irrigate his garden in which are growing a large number of vegetables and fruit trees; that said ditch and sluice boxes are nuisances, and obstructions to the free use of plaintiff's property.

The complaint further avers, that for two weeks past defendants have been digging the bed of the ravine about two hundred feet above the milk house, which has caused the mud and sediment to flow down into and around the springs and milk house, so as to render the water unfit for use for household purposes and for irrigation, and that they threaten to continue these acts; that defendants are irresponsible and unable to respond in damages, and that the dam, milk house, and·water rights are worth $1,000, and that he has sustained one hundred dollars damages.    Prayer for one hundred dollars damages and perpetual injunction.

The answer denies all these allegations—though most of the denials are, that defendants " have no knowledge, etc., and therefore deny "—and then sets up that the premises are exclusively public mineral lands of the United States, and that defendants, as miners, have entered upon them and are working them in a reasonable and proper manner, etc., for the purposes of mining, and are not interfering unjustly with any of plaintiff's rights.

The cause was tried by the Court, and the findings were—1st,

that in 1853, Stephens purchased the ranch and took possession thereof, erected the buildings, dam, and milk house, dug out the springs, and fenced the garden, etc., as alleged in the complaint, and that his improvements were worth $1,000 ; 2d, that the relative position of these buildings, dam, etc., were as stated in complaint ; and that there was a road as stated ; 3d, that Stephens occupied and used the premises as stated in the complaint, until 1856, when he transferred them to B. & B., who occupied and used them in the same way until the spring of 1859, when they transferred the possession to plaintiff, who has since occupied the said buildings as a homestead and used the property for the purposes stated ; that the milk house has been kept open, and stock can, and have run in and out of it, and that it is in a neglected and bad condition ; 4th, that plaintiff had fruit trees growing in the garden, and raised vegetables for farming use ; 5th, that the lands are public mineral lands ; 6th, that in March, 1860, defendants located the ravine from below the dam, milk house and springs, to about one hundred and fifty yards above the springs, for mining purposes, and began to work and mine the same, and avowed their intention and right to do so, notwithstanding it might injure the milk house, springs, etc. ; that they worked the ground in the usual way and in a reasonable manner, and that plaintiff has sustained one dollar damages ; 7th, that if defendants mine said ravine, they will dig up the same to the depth of several feet, and will destroy said dam and milk house, and render it necessary for plaintiff to build a bridge to cross the ravine with animals and wagons from his buildings to the road ; that the dam, if dug away, could be rebuilt at small expense, and the water still be turned upon the garden.

The Court found, as a conclusion of law, that defendants were entitled to judgment for costs, and that the one dollar damages is *absque injuria.*   Plaintiff appeals.

*Tuttle & Hillyer*, for Appellant, cited *Gillan* v. *Hutchinson*, 16 Cal. 153 ; *Fitzgerald* v. *Urton*, 5 Id. 308 ; *Burdge* v. *Underwood*, 6 Id. 45.

*Higgins & Higgins*, for Respondents, cited 5 Cal. 36 ; Id. 97 ;

Id. 308; *Burdge* v. *Smith*, 14 Id. 380 ; *Martin* v. *Brown*, 11 Id. 12 ; *Clark* v. *Duval*, 15 Id. 85.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

We do not see upon what ground we could interfere with the decision in this case.    The prayer for an injunction was addressed to the sound discretion of the Court, and we cannot perceive that there was any abuse of discretion in refusing to grant it.    The case is by no means free from embarrassment, but we should be in danger of doing great injustice if we were to undertake to control the exercise of a discretionary power where it is not perfectly apparent that some provision of law has been violated.    It may, in many cases, be a question of great difficulty as to how far the Courts should go in extending protection of this character to improvements upon the public mineral lands as against miners, and in such cases, the revisionary authority of this Court should be exercised with the utmost caution.    In the present case, it is evident that the plaintiff will sustain but little damage from the operations of the defendants, and that this damage may be easily repaired. The " milk house," which it is claimed will be destroyed, is an old, dilapidated building, surrounded by no enclosure, and for all purposes of use, neglected and abandoned.    The dam used by the plaintiff in the irrigation of his garden may be replaced at a trifling expense, and no injury to the garden will necessarily result from its destruction.    The diminution in the value of the premises from the working of the ravine in front of the dwelling house is a mere matter of speculation, and the Court below having passed upon it, we are not disposed to interfere.    So far as the right of way from the house to the road is concerned, no steps have been taken to secure it against interruption, and the plaintiff has, therefore, no cause of complaint.    He might have avoided any difficulty in this respect, by complying with the provisions of the Act concerning Roads and Highways.    It does not appear that any of the injuries, for which, if committed, he will be entitled to recover, may not be compensated in damages, and under the circumstances, we cannot undertake to say that an injunction was improperly refused.    It is true, the

complaint charges that the defendants are insolvent; but this is denied in the answer, and the record does not show that any evidence was introduced upon the subject.

Judgment affirmed.